UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WAYNNE ERASMO CRUZ,

    Plaintiff,

v.                                         Case No.:  6:20-cv-1755-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Waynne Erasmo Cruz seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for child's insurance benefits.[1] The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED in part and REVERSED and REMANDED in part** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

---

[1] In March 2018, the Social Security Administration determined Plaintiff was currently disabled and entitled to receive supplemental security income. (Doc. 28, p. 3). He now seeks child's insurance benefits. (Doc. 28, p. 1).

## I.   Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision

### A.   Social Security Eligibility

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

To be entitled to child's insurance benefits, a claimant must have a disability that began before the age of 22 years old. *See* 42 U.S.C. § 402.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its

judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

To be eligible for child insurance benefits, the ALJ must first determine whether a claimant has attained the age of 22 as of the alleged onset date. The ALJ then must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R.

§ 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work

that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

### C.   Procedural History

Plaintiff filed an application for child's insurance benefits on February 1, 2018, alleging disability since April 15, 1998. (Tr. 201, 285-86). Plaintiff later amended the alleged onset date to June 26, 1997. (Tr. 36). The application was denied initially on March 21, 2018, and upon reconsideration on October 30, 2018. (Tr. 190, 201). Plaintiff requested a hearing and on October 17, 2019, a hearing was held before Administrative Law Judge Kevin J. Detherage. (Tr. 25-125). On December 10, 2019, the ALJ entered a decision finding Plaintiff not under a disability at any time prior to June 26, 1997, the date he attained age 22. (Tr. 15-19).

Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on August 17, 2020. (Tr. 1-5). Plaintiff initiated the instant action by Complaint (Doc. 1) filed on September 25, 2020, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 25).

### D.   Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff was born in June 1975, and had not attained the age of 22 as of June 26, 1997, the alleged onset date. (Tr. 17). At step

one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 26, 1997, the alleged onset date. (Tr. 17). At step two, the ALJ found that "[p]rior to the date the claimant attained age 22, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 [C.F.R. §) 404.1520(c))." (Tr. 17). The ALJ concluded that Plaintiff had not been under a disability at any time prior to June 26, 1997, the date he attained age 22. (Tr. 19).

## II.    Analysis

On appeal, Plaintiff raises two issues: (1) whether the ALJ failed to develop a full and fair record; and (2) whether the evidence submitted to the Court for the first time warrants remand under sentence six of 42 U.S.C. § 405(g). (Doc. 28, p. 1-2).

### A.    Developing the Record

For Plaintiff to prevail, he must establish that he was disabled prior to the date he reached his 22nd birthday. (Doc. 28, p. 6). Plaintiff asserts that he testified to and the record contains references to prior disability applications and allowances. (Doc. 28, p. 6-7). He then argues that the ALJ failed to develop the record by not including any prior application files that may have contained medical records to support his present claim. (Doc. 28, p. 6). The Commissioner argues that Plaintiff failed to show that the ALJ was required to obtain Plaintiff's prior claims files to develop a full and

fair record and failed to show any prejudice by not having the prior records as a part of the current file. (Doc. 29, p. 8-9).

A plaintiff bears the burden of proving he is disabled and is responsible "for producing evidence in support of his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003). Even so, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record." *Id. See* 20 C.F.R. §404.1545(a)(3) ("However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources."). To remand a case because of an ALJ's failure to fully develop the record, the claimant must show that his right to due process has been violated to such an extent that the record contains evidentiary gaps, which resulted in unfairness or clear prejudice. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018). After review of the decision, the ALJ erred by failing to develop the record further when he did not obtain the prior application files.

In the decision, the ALJ found that "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment at any time prior to June 26, 1997, the date the claimant attained age 22." (Tr. 19). Said a different way, the only evidence in the record about Plaintiff's mental impairments

Case 6:20-cv-01755-DNF   Document 30   Filed 03/04/22   Page 8 of 15 PageID 1089

and his school performance for the relevant time consisted of Plaintiff's and his mother's testimony at the hearing. (Tr. 18). The record lacked any treatment notes or medical records from the relevant period. (Tr. 18-19). Plaintiff tried to get the records, but claimed the records were destroyed or unavailable. (Tr. 18). The ALJ also mentioned a prior administrative finding and found: "Finally, I did not consider the prior administrative findings for the claimant's separate Title XVI claim, as the medical record considered in these prior administrative findings do not pertain to the period of alleged disability in this present decision (5A)." (Tr. 19). Based on the lack of medical records to support Plaintiff's allegations, the ALJ determined Plaintiff had not been under a disability before his 22nd birthday. (TR. 19).

Although the testimony is not entirely clear, Plaintiff testified he was receiving SSI benefits at least as far back as 2004, before his incarceration for an assault on a police officer. (Tr. 41-42). He also testified that he began receiving SSI again after he was released from incarceration. (Tr. 42). Plaintiff claims he was having mental health problems since he was six years old. (Tr. 50). So basically, even though his testimony was unclear as to exactly when he began receiving disability benefits, Plaintiff clearly testified to a lifetime of mental health impairments.

Plaintiff cites two instances in the administrative record that mention prior applications for disability benefits and show he was previously found disabled in

1998. (Doc. 28, p. 7). First, in a February 1, 2018 Disability Report – Field Office form, it showed that Plaintiff filed a previous application, was found disabled at the initial level on June 18, 1998, and was awarded SSI benefits. (Tr. 327). The form noted the location of the prior file and that it was not requested. (Tr. 327). Second, Jennifer Meyer, Ph.D. completed a Disability Determination Explanation on March 12, 2018. (Tr. 202-210). Dr. Meyer found Plaintiff disabled as of January 29, 2018. (Tr. 209). In the additional explanation section, Dr. Meyer noted that "[t]he claimant was previously allowed[2] in 1998; prior folder [medical evidence of record] is not included for review. [Medical evidence of record] references an extensive history of mental health involvement, including multiple psychiatric admissions, for symptoms of thought disorder. He has prior substance abuse but severe psychiatric symptomatology continued during periods of forced sobriety." (Tr. 208). Plaintiff argues that if the Social Security Administration found Plaintiff disabled as of June 18, 1998, then that file contained medical records that relate to the relevant time period in this current claim. (Doc. 28, p. 8).

      The Commissioner argues that Plaintiff failed to show that the ALJ was required to obtain a prior claims file or files to develop a full and fair record. The Commissioner also argues that Plaintiff failed to show any prejudice. (Doc. 29, p. 8). Even though the record shows that Plaintiff may have been admitted to mental

---

[2] "Allowed" reflects awarded benefits versus "denied" reflects no award of benefits.

health facility in July 1997, the Commissioner claims the present record does not include treatment notes or diagnoses dated before the date Plaintiff turned 22 years old. (Doc. 29, p. 8-9). And while Plaintiff alleged an inability to obtain these records, Plaintiff had not met his burden of showing the existence of a medically determinable impairment during the relevant period. (Doc. 29, p. 9). Finally, the Commissioner claims Plaintiff's "baseless speculation failed to show that he was prejudiced because the ALJ did not obtain his prior claim file(s)." (Doc. 29, p. 9).

As cited by Plaintiff, this court faced a similar situation in *Tominus v. Astrue*. (Doc. 28, p. 9). In *Tominus*, the plaintiff filed an appeal of a social security disability claim, arguing that the administrative law judge erred in failing to develop the record fully by not obtaining a prior claims file. No. 8:07-cv-2108-T-TGW, 2009 WL 35164, at *2 (M.D. Fla. Jan. 6, 2009). The court reversed and remanded the action for further consideration. *Id.* at * 4. In *Tominus*, the plaintiff had been receiving benefits, but they were terminated when he went to prison. *Id.* at *2. When released, the plaintiff filed an action to resume receiving benefits. *Id.* The plaintiff argued that given he had previously been awarded benefits, the administrative law judgment had a duty to obtain the prior claims file and consider it. *Id*. Relying on consultative psychologists' opinions that Plaintiff suffered from mental illness most of his life coupled with the prior award of benefits, the court determined these matters provided strong reasons why the prior claim file should have been obtained and considered.

*Id.* at *3. Even though the Commissioner argued the information was not relevant because it pertained to a period before the new application, the court found this argument unconvincing. *Id*. The court reasoned that the plaintiff had a virtual lifetime of mental illness that had been the basis for a prior award and there was no sign that the plaintiff's condition had changed. *Id.* "Under these circumstances, the prior evidence is plainly relevant since it would permit, as the plaintiff argues, a longitudinal evaluation" of the plaintiff's mental history *Id.* at *3.

Here, Plaintiff is seeking to establish a mental disability prior to his 22nd birthday. Plaintiff received benefits in June 1998, approximately a year after he attained the age of 22. (Tr. 327). Plaintiff also testified to having mental impairments since he was a child and Dr. Meyer stated that Plaintiff had an extensive history of mental impairments, including multiple psychiatric admissions. (Tr. 208). Because it was so close in time to his 22nd birthday, the June 1998 prior claims file may contain records from Plaintiff's mental health treatment before his 22nd birthday. And while Plaintiff's prior SSI claim may not pertain to the period of alleged disability, it may also contain medical records for the relevant period in this claim. The ALJ determined that Plaintiff had no medical evidence to support his claim. It follows then that Plaintiff clearly had gaps in evidence to support his mental impairments during the relevant time period. These gaps prejudiced him to the point

that he was denied benefits. The prior files will fill in at least some gaps. As a result, remand is necessary.

### B. Additional Evidence Under Sentence Six

Plaintiff submitted supplemental material of a Psychological Evaluation conducted on September 26, 2020, by Melissa Yount, Psy.D. (Doc. 28-1). Plaintiff argues this evidence is new because it was not contained in the administrative record, non-cumulative because it contained certain objective testing, material because there was a "reasonable possibility" that the evidence would change the administrative outcome, and there was good cause because this evidence did not exist at the time of the administrative proceeding. (Doc. 28, p. 11-12). Plaintiff requests remand under sentence six of 42 U.S.C. § 405(g). The Commissioner argues that Plaintiff failed to prove that the psychological evaluation was material or chronologically relevant to the period in question and failed to show good cause for not obtaining the evaluation at the administrative level. (Doc. 29, p. 11).

New additional evidence presented to the Court and not to the administrative agency must be considered under a sentence six analysis. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence six remands are "entirely different" from sentence four remands. *Id.* at 1267. Sentence six presents a federal court "with the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is

new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Id.* (quoting 42 U.S.C. § 405(g)).

So to prevail, a claimant must establish: "'(1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.'" *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012) (internal quotations omitted) (quoting *Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986)); *see also Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1218 (11th Cir. 2001) (citation omitted) (finding same requirements to warrant a remand under sentence six). New evidence must also "relate to the period on or before the date of the administrative law judge's ("ALJ") decision." *Enix*, 461 F. App'x at 863 (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)).

Plaintiff asserts that Dr. Yount provided a retrospective opinion regarding Plaintiff's mental impairments for the relevant period. (Doc. 28, p. 11). In support, Plaintiff cites the following portion of Dr. Yount's evaluation: "Based on information available[,] Mr. Cruz is believed to have met criteria for Schizoaffective Disorder; even more specific would be Schizoaffective Disorder, Depressive Type

or Schizophrenia, Paranoid Type; all early in his adulthood (by age twenty[-]two) or even in his mid[-]teens (ages 15-17)." (Doc. 28-1, p. 10).

As to the three criteria for a sentence six remand, Plaintiff satisfies the first factor—Dr. Yount's evaluation is new and noncumulative—but fails the next two factors. Dr. Yount evaluated Plaintiff in 2020 and only "believe[d]" to have met certain criteria for mental illness that may have begun in Plaintiff's early teens or prior his 22nd birthday. (Doc. 28-1, p. 10). This opinion is highly speculative as to Plaintiff's mental state more than twenty years before the evaluation. Thus, the evaluation is not material, relevant, or probative of the relevant time period and there is no reasonable possibility it would change the administrative outcome. Nor has Plaintiff shown good cause for failing to obtain this opinion during the administrative process. Thus, remand is not appropriate under sentence six. Even so, because this action is remanded under sentence four, the Commissioner may consider Dr. Yount's Psychological Evaluation on remand.

### III.  Conclusion

For the reasons discussed above, the decision of the Commissioner is **AFFIRMED in part, and REVERSED and REMANDED in part** such that this action is affirmed as to the sentence-six issue and remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to develop the record further and consider prior claims files in conjunction with medical and other evidence of record. The

Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and thereafter close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 4, 2022.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties